Good morning. Attorney Marty Hastings for Paul Klein. If I could ask to reserve a little time for rebuttal? Sure. Thank you. This case deals with a criminal matter where my client was sentenced on March 4th of 2002. At sentencing he was without counsel and that his attorney had died just prior to the sentencing date. This is further compounded by the fact that there was no appropriate phoretic canvas given to my client, that he was not advised of the rights and appropriate waiver of counsel being present at this time. Additionally, things were further compounded by the fact that an error arised at the sentencing in that they sentenced my client to supervised release, which was inappropriate in this situation. Counsel, what difference would having an attorney present have made? Well, I think quite a few things. One, the attorney can argue the case. And two, we wouldn't have these type of problems like we had in this case with the supervised release. You already had a plea bargain in place for which Mr. Klein had been counseled. That's correct. That had been fully negotiated. We don't have any evidence that he intended to back out of that or was second-guessing his plea agreement. Correct. Right? And so the benefit of having counsel there is presumably that we could have avoided the whole mess that we had when the judge sentenced him to something he couldn't sentence him to and evidently misspoke. Correct. Hasn't the judge put that back in place here? In other words, haven't we corrected that? So, yes, it would have been nice to have avoided a lot of unpleasantness here, but aren't we really sort of back where we should have been? Well, it's our position that it shouldn't have been corrected the way it was. I mean, we have a stipulation entered into with my client and the prosecutor. Again, we have a situation where no counsel is present, nobody representing my client, and we have a jurisdictional issue with them changing the sentence the way they did in the time frame they did. Well, exactly how do you think he should have been sentenced? Well, he should have originally been sentenced either like the corrected sentence or something in an alternative. I mean, it's kind of hard for me to say after the fact, but there's definitely a problem with the sentencing. There's a problem of him not having counsel, and there's a problem with the fact that the FREDA was not given. But he did get probation. So the only question could be the length of the probation sentence and what came after the tale of supervision. I think the situation, too, is the probation differs from the supervised release. Well, probation is kinder to an individual than supervised release in terms of restrictions. But at the same time, you're losing certain rights at that point in time. What rights is he losing that are different from the rights that he would lose under supervised release? Well, it would be a more stringent situation with the probation, the probation officer. Have you read Sampson? Not off the top of my head. We believe there is a jurisdictional defect in the change of the corrected sentence. Additionally, when you look at the FREDA, we believe it's just not present. The court's well aware the government carries the burden of establishing the  FREDA, indulging every reasonable presumption against the waiver. And when you look at those items, it seems like the government does not want to address the issue that my client was without counsel and address the issue that there was no appropriate FREDA in this matter. Do you want to reserve the remaining time? Please. We have a lot of people here, so let me suggest this. We'll put some of these chairs back here, and some of the law clerks can come up here so that there is room. So if you'll take a couple of chairs, do you mind? So that we have room for members of the public. Yeah, just over here. Thank you. There's another chair. Somehow they put us in the wrong corner. Right. We'll just wait a moment, if you will, until everyone finds a location. Please find seats. I think there's one in the front row. I'm going to sit here. Only temporarily. You may proceed. Good morning, Your Honors. Kevin Rosenberg on behalf of the United States. Considered as either a petition for writ of coram nobis or as a motion for relief under 28 United States Code section 2255, the defendant in this case has failed to show why the district court erred in denying those requests for relief. As several of Your Honors have realized, as an initial matter, really the only thing at issue here in this case is the defendant's sentence. There's no question that he was represented by counsel at the time he entered into his plea agreement. There's no question he was represented by counsel at the time he entered that plea. And there's no question that his counsel did have the opportunity to file an objection to the pre-sentence report and state a sentencing position before his passing. The defendant was sentenced to virtually the best sentence anyone can hope for in federal court. That is a sentence of probation. His sentencing range in this case was zero to six months. It fell within zone A of the guideline table. And he was sentenced to three years probation, four months home detention, a $100 specialist assessment, and a $5,000 fine. Sotomayor, can he bring a forum notice while he's still in custody? No, he cannot, Your Honor. And it is the government's position that he did file the motion while he was still in custody serving that probationary sentence, which is one of the main reasons why the district court denied the writ and one of the main reasons why the government would respectfully request that this Court affirm that decision, because ---- Could he bring one now? He could bring one now, yes, he could. He would then have to address the other factors, but he certainly could do that if he wanted to. It's clear that as to the 2255 issue, that that was untimely. It was at best filed two years after the judgment and commitment order became final. There was no appeal that was taken in this case initially. So it's pretty well settled the government would submit that that was untimely. So in this case, it would seem that the best thing that the defendant could really hope for is that if this case were returned to a district court, and now unfortunately Judge Ray has passed away, so it would seem that the best thing that this defendant could hope for was a return of this case to the district court for resentencing, where it would seem that he would get the same sentence in this particular case, perhaps a lesser fine, perhaps a lesser term of supervised release. But given this defendant's criminal history, he was in Category 3, it would seem abundantly clear that another district judge would find that a term of four months home detention and probation would be appropriate. If we were to hold that he didn't get his Faretto rights, can we look at harmless error in that circumstance or not? I've never seen one of these, but. I don't, I'm not sure that you can. I think that if you find, well, let me back up, I suppose. The government's admittedly not happy with the way it appears that the Faretto inquiry took place. There is no record sentencing transcript that's available. I would note that there wasn't one filed with the court. I tried to reach out to the court reporter to see if there was one. I reached out to co-counsel, and there just doesn't seem to be one. Taking counsel's representations as to the transcript at face value in his reply brief, assuming that's all that there was, the government's not happy with that inquiry. Unfortunately, I was there and didn't speak up at the time. I was pretty new. But be that as it may, we're not happy with that. Now, the question more importantly, though, is was that, if there is an error, was it of the fundamental character? The government would submit that the case law supports focusing in on what stage were these proceedings. The Supreme Court case law that governs this area, and in response to Your Honor's question, there's some cases that talk about this as being a pragmatic approach, focusing on the stage of the proceedings, and really, as Your Honor points out, what difference would it have made if there was a lawyer there? The sentencing position papers were filed. In this case, the government would remind the Court that the government filed a 5K motion here for this defendant. You have five levels, moving him down to an offense level three. I would hesitate to have our Court hold that the sentencing stage is not a critical stage. I wouldn't wish to rest our opinion on that. I agree, and I think the case law would not support that conclusion, Your Honor. I would agree that, yes, that it's pretty clear it's a critical stage for the right to counsel. I think the difference here, though, is, even if the Feretta inquiry is found to be substandard, the Court should look beyond that and really look at whether that does create a fundamental error in this particular case, given the unusual facts and circumstances and the posture in which this case took place. There really was nothing left for the defendant's lawyer to do. He had filed a sentencing position paper. The government had requested essentially the lowest sentence available in Federal court, one that the government believed then and believes now was wholly appropriate, given this defendant's background and characteristics, so that really the Court should be left feeling confident that there's nothing different that would have happened here in this particular case. And also it's important to recognize that, of course, this did happen at sentencing, and at the time the defendant entered his guilty plea, he was advised of the nature of the charges and the possible penalties. So those are two of the three things that a Feretta inquiry is designed to address. The only real question is whether he would have understood the dangers and disadvantages of self-representation so that he made his choice with his eyes open, as the case law talks about. And here, again, the government believes that there's simply nothing different that would have happened. So the fact that the defendant was in custody at the time that he filed this petition, also on the fact that the defendant, the government submits, has not demonstrated that this error is fundamentally in character, and also the defendant hasn't explained why he didn't file this earlier. He filed this petition one year beyond the time allowed to file a 2255 motion, which was about two years after the sentencing, and he hasn't really explained why it took so long to do that. So for those reasons, the government would submit that this Court should affirm the lower court's ruling in this case. Unless the Court has any additional questions, I would submit. Thank you. Thank you, Your Honor. Mr. Hastings, perhaps you could address the question of the timeliness of your quorum nobis petition. Absolutely. I think what's important for the Court to realize is my client was without counsel. He obtains counsel almost two years after the situation. I think the question before the Court at this point, though, is what vehicle does the Court have available to it to review your claims? You are, you have filed, the ordinary vehicle for someone who's in prison, of course, is a habeas petition, and you're too late. You've sought to use a quorum nobis, and our case has established fairly clearly that that's only available to persons who have been released and do not have habeas available to them. So how can you use a quorum nobis to sort of fill the gap when you have sat on your habeas rights? We filed the 2255 motion at the same time we filed the writ, and there's no question that that was filed late. But the situation is my client didn't have counsel. You've asked how my client's been prejudiced. This is one of the ways he's been prejudiced. He had no knowledge, no way of knowing that he had a time frame that that had to be filed in, nor did he know he had the ability. But counseling him on Faretta would not have cured that. Your client can hire a counsel anytime he wishes. Right. And if he had counsel at sentencing and after sentencing, we may not even be sitting here at this point. Well, we hope if he had counsel at sentencing, then we would have avoided all of these problems in the first place. Correct. When you get down to the end, he fell in the gap because he was on the probation, so he still was eligible for habeas relief, albeit too late. But he couldn't file quorum nobis. So now, if this case is dismissed, wouldn't he have the right, if he's completely out of custody, to try his hand at another quorum nobis petition? Well, it's our position that the quorum nobis is appropriate at this time. And that's because the sentencing should be void due to the jurisdictional issue. And therefore, the quorum nobis... That's your substantive argument. In order to make that argument, you need to get into federal court. And our cases say that if you're in custody, the way you get to federal court is through habeas, not quorum nobis. So my suggestion is, or question to you really is, although it's a question of timing, I just can't see any way that we can entertain his petition. I mean, do you have any case that we're perhaps overlooking? Well, I think if you look at the cases dealing with the quorum nobis, People v. Lampkins, it talks about the appropriate remedy where the right to appeal is frustrated by counsel's incompetency. That's cited in our reply brief on page 2. But do you know, was the individual out of custody or in custody at that time, in that case? He's been in and out of custody during this time frame based on the case, I believe, that's next on your calendar that's coming up. I'm not talking about this defendant. I'm talking about the defendant in the case that you're citing to us. Was the individual in or out of custody? I don't know off the top of my head. What the case is saying, both here and in the other circuits, is they basically say we consistently bar quorum nobis for an individual who's in custody. And your client at the time of filing was in custody. So I'm just having some trouble to understand. I just don't see any law or case that would permit us to entertain your petition at this point. But we would reserve, of course, as to whether there may be some other remedy if he's fully out of custody and out of supervision and out of probation. Is he now in that status? This case, is my understanding, has now been closed. There's nothing further to be dealt with on this matter in itself. So if the court is concerned maybe when it was filed it wasn't appropriate, by all means it should be at this time. Well, he's in custody on something else now, is he not? That's correct. That raises a different issue. I'm not sure whether if he's in custody on a different matter, he's completely barred from quorum nobis. I'm not going to comment on that at this time. The other thing I'm concerned about is the issue of a fundamental right. I mean, right to counsel, it doesn't get any more fundamental than that. Counsel, you can lose your right if you don't pursue it by filing your habeas on time. Well, I understand that. But at the same time, there wasn't the appropriate waiver with the FREDA. I mean, we see that all the time. That's quite an extensive waiver. And in this situation, we have like one line from the judge. Well, I think we have your argument in mind. We'll need to look at the jurisdictional issues. Thank you. Thank you very much. Thanks to both counsel. United States v. Kline is submitted.
judges: B. Fletcher, McKeown, Bybee